UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN M GUENTHER, | CASE NO. 2:21-cv-01516-DGE |
| Plaintiff, | ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI").

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") erred by not providing clear and convincing reasons for discounting Plaintiff's testimony concerning her fatigue.  Had the ALJ properly evaluated Plaintiff's testimony, and if this testimony were credited as true, the ALJ would be required to find Plaintiff disabled on

remand.  Accordingly, for the reasons discussed below, remand for an award of benefits as to the closed period between September 29, 2017 and June 15, 2020 is the appropriate remedy.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed claims for DIB and SSI on October 1, 2017, alleging in both applications a disability onset date of September 29, 2017.  (Administrative Record ("AR") 137, 227-228.)  Plaintiff was born in 1975 and was 42 years old when she filed her applications.  (AR 72.)

Plaintiff has a GED and worked as an accountant, a project manager, an office manager, and a project engineer before she stopped working in 2017 due to symptoms stemming from her impairments, which included back and neck pain, fatigue, confusion and brain fog.  (AR 41-42, 53-54, 256-257.)  According to the ALJ, Plaintiff has the severe impairments of degenerative disc disease, lyme disease, myalgic encephalitis or chronic fatigue syndrome, chlamydia pneumoniae, infections from candida, mycoplasma, human herpevirus 6 ("HHV6"), Epstein-Barr virus, hypothyroidism, and depressive disorder.  (AR 817.)

Plaintiff's applications were denied initially and upon reconsideration.  (AR 137, 160-163, 166-168, 169-171.)  ALJ Laura Valente held a hearing on January 15, 2019.  (AR 32-64, 1012-1045.) On February 13, 2019, ALJ Valente issued a decision finding that Plaintiff was not disabled.  (AR 134-153.)  On January 30, 2020, the Social Security Appeals Council denied Plaintiff's request for review.  (AR 1-7, 862-868.)

On November 10, 2020, this Court issued an order reversing ALJ Valente's decision and remanding the case for reconsideration of Plaintiff's testimony concerning her fatigue.  (AR 869-879.)

On August 12, 2021, ALJ Valente held a new hearing.  (AR 841-861.)  During the hearing, Plaintiff testified that her condition gradually improved and that she returned to work in

1    June 2020.  (AR 844-845.)  Plaintiff asked the ALJ to find her disabled for a closed period

2    between September 29, 2017 and June 15, 2020.  (*Id*.)  On September 8, 2021, ALJ Valente

3    issued a decision again finding that Plaintiff was not disabled.  (AR 811-833.)

4            Plaintiff filed a complaint in this Court seeking judicial review of ALJ Valente's decision

5    on November 9, 2021.  (Dkt. No. 1.)

6            In her opening brief, Plaintiff maintains that the ALJ erred by failing to provide clear and

7    convincing reasons for discounting her testimony concerning the impact of her fatigue on her

8    ability to work.  (Dkt. No. 9.)

9                                **II.        STANDARD OF REVIEW**

10           This Court may set aside the Commissioner's denial of social security benefits only if the

11   ALJ's decision is based on legal error or not supported by substantial evidence in the record as a

12   whole.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The ALJ is responsible for

13   evaluating evidence, resolving conflicts in medical testimony, and resolving any other

14   ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although

15   the Court is required to examine the record as a whole, it may neither reweigh the evidence nor

16   substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

17   2002).  When the evidence is susceptible to more than one interpretation, the ALJ's

18   interpretation must be upheld if rational.  *Ford*, 950 F.3d at 1154.  This Court "may not reverse

19   an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104,

20   1111 (9th Cir. 2012).

21

22

23

24

1

### III.    DISCUSSION

2

**A.  Whether the ALJ erred in evaluating Plaintiff's testimony concerning fatigue.**

3

Plaintiff contends that the ALJ erred in evaluating her testimony concerning her fatigue.

4

(Dkt. No. 9.)

5

In weighing a claimant's testimony, an ALJ must use a two-step process.  *Trevizo v.*

6

*Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  First, the ALJ must determine whether there is

7

objective medical evidence of an underlying impairment that could reasonably be expected to

8

produce some degree of the alleged symptoms.  *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir.

9

2014).  If the first step is satisfied, and provided there is no evidence of malingering, the second

10

step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can

11

provide specific findings and clear and convincing reasons for rejecting the claimant's testimony.

12

(*Id.*)

13

Plaintiff testified that she stopped working in September 2017 due to pain in her back and

14

neck and fatigue that restricted her to working about two hours per day.  (AR 41-42.)  Plaintiff

15

testified that her fatigue left her exhausted and unable to complete basic tasks.  (AR 53-54, 256.)

16

Plaintiff characterized her symptoms as "total mental and physical collapse", stating that her

17

symptoms made it difficult to remember how to do her job.  (AR 267, 274.)

18

In her February 13, 2019 decision, ALJ Valente found that Plaintiff's allegations

19

concerning her chronic fatigue were not consistent with the objective evidence, which revealed

20

normal thyroid and oxygen saturation levels.  (AR 147.)  ALJ Valente also cited Plaintiff's

21

statements to treatment providers that her energy, motivation, and ability to perform activities of

22

daily living had improved significantly with treatment.  (*Id.*)

23

24

1    In its November 10, 2020 order, this Court found that the ALJ did not provide clear and

2    convincing reasons for discounting Plaintiff's testimony concerning her fatigue symptoms,

3    reasoning that the thyroid and oxygen saturation levels cited by the ALJ were not necessarily

4    inconsistent with Plaintiff's allegations, especially since Plaintiff did not solely attribute her

5    fatigue to thyroid issues or oxygen deprivation.  (AR 876-877.)  The Court further reasoned that

6    Plaintiff's statements that her fatigue symptoms were improving was not a clear and convincing

7    reason for discounting her testimony concerning these symptoms because they did not

8    convincingly undermine her testimony that she had overall work limitations due to fatigue.  (AR

9    877.)

10          In her September 8, 2021 hearing decision, ALJ Valente again discounted Plaintiff's

11   allegations concerning chronic fatigue by citing the normal thyroid and oxygen saturation levels

12   referenced in her first decision and her statements that her energy, motivation, and ability to

13   perform activities of daily living improved with treatment.  (AR 823-825.)  As such, the rationale

14   the ALJ provided for rejecting Plaintiff's testimony concerning her fatigue was nearly identical

15   to the rationale she provided in her first decision.

16          The law of the case doctrine generally prohibits a court from considering an issue that

17   has already been decided by that same court or a higher court in the same case.  *Stacy v. Colvin*,

18   825 F.3d 563, 567 (9th Cir. 2016) (citations omitted). The law of the case doctrine "is concerned

19   primarily with efficiency, and should not be applied when the evidence on remand is

20   substantially different, when the controlling law has changed, or when applying the doctrine

21   would be unjust." (*Id.*)

22          Here, the Court previously found that the reasons cited by the ALJ for discounting

23   Plaintiff's testimony concerning her fatigue were not clear and convincing; while the agency

1  received additional evidence following the ALJ's first decision, the ALJ has not adequately

2  explained how this new evidence disturbs the Court's finding.

3       The ALJ cited treatment notes from June 2019 through May 2020 in which Plaintiff

4  denies symptoms of fatigue and malaise.  (AR 824, 1127, 1165, 1169, 1174, 1179.)  Plaintiff

5  acknowledges that her condition improved gradually between September 29, 2017 and June 15,

6  2020.  The ALJ has selectively cited the record, and offers no clear and convincing reasons to

7  discount Plaintiff's testimony that her fatigue symptoms improved in a similar manner, and the

8  Court notes that the record broadly supports Plaintiff's testimony that the improvement in her

9  fatigue symptoms was gradual and inconsistent during this closed period.  (AR 15, 30-31, 433,

10  436, 440-441, 465, 1114, 1136, 1187); *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016)

11  (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . .

12  'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as

13  a whole, weighing both evidence that supports and evidence that detracts from the

14  [Commissioner's] conclusion.'").

15       Accordingly, the ALJ has not provided clear and convincing reasons for discounting

16  Plaintiff's testimony concerning her fatigue.

17  **B.  Remedy.**

18       Plaintiff requests that this Court reverse the ALJ's decision and remand this case for an

19  award of benefits, or alternatively, remand the case for further proceedings.  (Dkt. No. 9.)

20       "'The decision whether to remand a case for additional evidence, or simply to award

21  benefits[,] is within the discretion of the court.'"  *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th

22  Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).  If an ALJ makes

23  an error and the record is uncertain and ambiguous, the court should remand to the agency for

24

1   further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the

2   court concludes that additional proceedings can remedy the ALJ's errors, it should remand the

3   case for further consideration. *Revels*, 874 F.3d at 668.

4       The Ninth Circuit has developed a three-step analysis for determining when to remand

5   for a direct award of benefits. Such remand is generally proper only where

6       (1) the record has been fully developed and further administrative proceedings
        would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
7       reasons for rejecting evidence, whether claimant testimony or medical opinion;
        and (3) if the improperly discredited evidence were credited as true, the ALJ
8       would be required to find the claimant disabled on remand.

9   *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

10      The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is

11  satisfied, the district court still has discretion to remand for further proceedings or for award of

12  benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

13      As to the first element, this Court has already remanded this case for further proceedings

14  once, and simply providing another opportunity to assess improperly evaluated evidence,

15  allowing the ALJ to have a "mulligan", does not qualify as a remand for a "useful purpose"

16  under the first part of the credit as true analysis, especially given that the rationale concerning

17  Plaintiff's fatigue in the ALJ's second decision was substantially similar to the rationale offered

18  in the first one. *See Garrison*, 759 F.3d at 1021-22 (citing *Benecke v. Barnhart*, 379 F.3d 587,

19  595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an

20  unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

21      With respect to the second element, for the reasons cited above, the ALJ has failed to

22  provide clear and convincing reasons for discounting Plaintiff's testimony concerning her

23  fatigue.

24

Regarding the third element, if Plaintiff's testimony concerning her fatigue, in particular her testimony that she was so exhausted that she was restricted to working about two hours per day, was credited as true, the ALJ would be required to find Plaintiff disabled on remand. (AR 62-63, 858-860) (vocational expert explaining that Plaintiff would be unable to engage in full-time employment based on symptomology exhibited); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits.").

Further, the Court considered the time that Plaintiff has been waiting for a final disposition. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand). Plaintiff filed her applications for DIB and SSI in 2017, and has been waiting more than five years for a final decision on her claims; further proceedings would only delay her claim further. (AR 72); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (exercising its discretion to remand for a determination of benefits after the plaintiff had waited over seven years for a disability determination.).

Accordingly, remand for an award of benefits as to the period between September 29, 2017 and June 15, 2020 is the appropriate remedy.

1

## IV.   ORDER

2      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

3   Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

4   this matter is remanded for an award of benefits as to the period between September 29, 2017

5   and June 15, 2020.

6      Dated this 18th day of April, 2022.

7

8

9      David G. Estudillo
       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24